UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DAVID SIMONS, et al.,

        Plaintiffs,

                              CASE NO. 2:23-CV-10654

v.                           HON. VICTORIA A. ROBERTS

UNKNOWN PALMER, et al.,

        Defendants.

_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

**I.**    **Introduction**

This action is a pro se prisoner civil rights case brought pursuant to 42 U.S.C. § 1983.   The potential plaintiffs are four prisoners, Joshua Simons, Jason Sanders, and two men identified only as Grossman and Auther III,[1] who are confined at the Macomb Correctional Facility in Lenox Township, Michigan.   In the Complaint, the plaintiffs name eight defendants (first names unknown) who are employees at that facility.   The plaintiffs complain about malfunctioning toilets, an electrical outage, resulting unsanitary/unsafe conditions, possible retaliation, and the inability to obtain grievance forms at the prison in February 2023.   The plaintiffs seek

---

[1]The complaint is handwritten and this potential plaintiff's name is unclear.

monetary damages and other appropriate relief.

Only two plaintiffs, Simons and Sanders, signed the Complaint, which is undated.   The plaintiffs have not paid the $350.00 filing fee and the $52.00 administrative fee for this federal civil action, and only one plaintiff, Simons, submitted an Application to Proceed Without Prepayment of the Fees.

## II.    Discussion

The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).   Federal Rule of Civil Procedure 20(a)(1) provides:   "Persons may join in one action as plaintiffs if:   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."   Fed. R. Civ. P. 20(a)(1).   Federal Rule of Civil Procedure 20(a)(2) provides:   "Persons . . . may be joined in one action as defendants if:   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(2).

2

Notwithstanding Rule 20(a), there are significant practical problems with allowing several prisoners to file a joint complaint.  Several of the problems that arise from multiple-plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation."  *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.) (quoting *Boretsky v. Corzine*, 2008 WL 2512916, *5 (D. N.J. June 23, 2008)).  Moreover, allowing multiple prisoners to proceed as plaintiffs in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs."  *Id.* (citing *Ghashiyah v. Frank*, 2008 WL 680203, *1 (E.D. Wis. March 10, 2008)).  Multiple-plaintiff prisoner cases can often lead to pleadings being filed on behalf of the other plaintiffs without their consent.  *Id.*  An additional problem with multiple-plaintiff litigation in the prisoner context is that prison and jail populations "are notably transitory, making joint litigation difficult."  *Id.* (quoting *Boretsky*, 2008 WL 2512916 at *5); *see also White v. Tennessee Bd. of Probation and Paroles*, No. 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("it is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action").

Courts note the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)" as a reason for disfavoring multiple-plaintiff prisoner litigation. *Proctor*, 661 F. Supp. 2d at 780 (citing cases). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*. (quoting *Boretsky*, 2008 WL 2512916 at *6). Moreover, the Court also notes that the Prisoner Pro Se Mediation Program in this district is primarily set up to resolve individual prisoner cases against employees of the Michigan Department of Corrections.[2]

In this case, several of these concerns are present. While the Complaint indicates that the four plaintiffs were confined at the Macomb Correctional Facility at the time of the events at issue, it only provides a current address for Simons and does not provide addresses for the other three plaintiffs. The Complaint also lists only first names for Grossman and Auther III. Additionally, it appears that certain plaintiffs have specific claims distinct from the others, e.g., Sander's inability to use his breathing machine during the power outage and Simons being deprived of

---

[2]The Court notes that the mediation of multiple plaintiff cases is not foreclosed, but such cases would likely be few due to the nature of the mediation process.

showers due to his complaints.   There may also be some question as to each of the plaintiffs' individual efforts and ability to exhaust administrative remedies.   Lastly, the potential to mediate the case is questionable.

This case also has filing deficiencies.   First, Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented."   Fed. R. Civ. P. 11(a).   A prisoner cannot sign a pleading on behalf of another prisoner in a legal proceeding in federal court.   *See Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (unlicensed jailhouse lawyer who claimed to be fellow prisoner's "counselor" could not sign documents on behalf of fellow prisoner in legal proceedings).[3]   In this case, only Simons and Sanders signed the undated Complaint.

Second, the filing fee for a civil action in federal court is $350.00, 28 U.S.C. § 1914(a), and the Court imposes a $52.00 administrative fee for a total fee of

---

[3]Moreover, to the extent that the lead plaintiff, Simons, seeks to represent the other plaintiffs in this action, the Court would deny any such request because he cannot adequately protect the interests of the other plaintiffs.   A pro se prisoner is inadequate to represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso,* 351 F. App'x 1, 15 (6th Cir. 2009); *Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001).

$402.00.   Under the Prison Litigation Reform Act of 1995 ("PLRA"), if a prisoner lacks sufficient funds and seeks to proceed without prepayment of the filing fee, the prisoner must file an affidavit of indigence and a certified trust account statement for the six-month period immediately preceding the filing of the case.   28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), overruled on other grounds, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the United States Court of Appeals for the Sixth Circuit suggested that fees and costs should be divided equally among the plaintiffs. *In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1137-38 (6th Cir. 1997).   Here, none of the plaintiffs paid the filing fee and administrative fees, and only Simons submitted an Application to Proceed Without Prepayment of the Fees. Consequently, the Court cannot assess the appropriate fees for this case.

Third, Federal Rule of Civil Procedure 4 requires that service copies be provided by the plaintiff.   *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint"). Plaintiffs failed to submit copies for service upon the named defendants.

Given the problems with multiple-plaintiff prisoner litigation and the deficiencies here, the Court finds it appropriate to dismiss the case without prejudice

to the plaintiffs filing individual complaints on their own behalf or filing a joint complaint that complies with the federal rules.

The Court recognizes that misjoinder of parties and/or claims is normally not reason to dismiss an action in its entirety, although mis-joined parties and mis-joined claims can be dismissed from the action.   *See* Fed. R. Civ. P. 21; *see also Proctor*, 661 F. Supp. 2d at 781 (citing rule).   Given the circumstances, however, the Court finds that the best course of action is to dismiss the Complaint without prejudice. *See, e.g., Berryman v. Neff, et al.*, No. 2:13-CV-12403, 2013 WL 3547102 (E.D. Mich. July 11, 2013) (dismissing similarly problematic complaint); *Fuller v. Heyns*, No. 2:12-CV-12371, 2012 WL 2374222 (E.D. Mich. June 22, 2012) (same).

## III.    Conclusion

Based upon the difficulties with multiple-plaintiff prisoner litigation and the deficiencies in this case, the Court concludes that a non-prejudicial dismissal is warranted.   The Court **DISMISSES** the Civil Rights Complaint without prejudice to the plaintiffs filing individual complaints or filing a joint complaint that complies with the federal rules.   No fees will be assessed.   This case is closed.

**IT IS ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Dated: 4/20/2023                         UNITED STATES DISTRICT JUDGE

7